887 F.2d 1080
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Paul LAROQUE, Plaintiff-Appellant,
v.
BUREAU OF PRISONS; Don Chadwich; South East Regional
Office, Bureau of Prisons; Mike Quinlan; K.
Hawk, Warden, Defendants-Appellees.
 No. 89-6754.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 16, 1989.
Decided: Sept. 20, 1989.
Rehearing Denied Nov. 16, 1989.
 
 George Paul Laroque, appellant pro se.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George Paul LaRoque appeals from the order of the district court denying his Fed.R.Civ.P. 60(b) motion to vacate an earlier order dismissing his civil rights action. We affirm.
 
 
 2
 On December 19, 1988, George Paul LaRoque brought a civil rights--Bivens* action alleging that the defendants abused Bureau of Prisons policy and acted arbitrarily and capriciously. LaRoque's claim centered around a progress report prepared by his case manager in preparation for LaRoque's statutory interim parole hearing. The progress report discussed LaRoque's institutional adjustment, including his program plan, work assignments, educational and vocational participation, relationships with staff, and incident reports. LaRoque was given a copy of the progress report and afforded the opportunity to file objections to it. LaRoque filed a number of objections, and concluded that the report was "misleading, inaccurate, conclusory, prejudicial, arbitrary, and capricious."
 
 
 3
 The district court dismissed the December 1988 complaint as frivolous. The court noted that the documentation submitted by LaRoque with his complaint did not indicate that the defendants acted in an arbitrary and capricious manner or that they violated Bureau of Prisons policy. Additionally, LaRoque's complaint did not set forth any factual allegations that could state a claim of constitutional dimension; instead, LaRoque's complaint was framed in conclusory terms only. On appeal from that dismissal this Court affirmed on the reasoning of the district court. LaRoque v. Bureau of Prisons, No. 89-7028 (4th Cir. April 14, 1989) (unpublished).
 
 
 4
 On May 16, 1989, LaRoque filed a motion to vacate or set aside the prior judgment pursuant to Fed.R.Civ.P. 60(b), and a motion for injunctive relief. In his motion LaRoque argued that the court should reopen the case in light of the Supreme Court's recent decision in Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882), which discussed the appropriate standards for summary dismissals under 28 U.S.C. Sec. 1915(d) of civil rights actions. Thereafter, LaRoque filed a motion to expedite and a motion for injunctive relief. The motion for injunctive relief dealt with alleged prison interference with his legal mail, a matter totally unrelated to the civil action underlying the Rule 60(b) motion. By order entered June 27, 1989, the district court denied the Rule 60(b) motion. Regarding the allegation of interference with legal mail, the court informed LaRoque that if he felt that he had grounds for filing another lawsuit he should do so; however, the court would not permit him to interject new claims in the previously dismissed lawsuit.
 
 
 5
 We have carefully examined the record in this case--including the record of the underlying summary dismissal--in light of Neitzke, and conclude that Neitzke does not require reconsideration of the earlier dismissal. Accordingly, we find no abuse of discretion in the district court's refusal to vacate its earlier order and reopen the case. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the order below.
 
 
 6
 AFFIRMED.